**Barbara Jean BERRY, et al., Plaintiffs,**

v.

**SCHOOL DISTRICT OF THE CITY OF BENTON HARBOR, et al., Defendants.**

No. 4:67–CV–9.

United States District Court, W.D. Michigan, Southern Division.

April 30, 2002.

*ORDER CLARIFYING ORDER OF APRIL 4, 2002 NUNC PRO TUNC*

HILLMAN, Senior District Judge.

In accordance with, and in clarification of, the opinion and order filed on April 4, 2002,

**IT IS ORDERED** that plaintiffs' motions to exclude the testimony of Dr. Armor and Dr. Rossell (dkt ## 1723, 1724) are denied.

**IT IS FURTHER ORDERED** that the State's motion to exclude the testimony of Dr. Stevens (dkt # 1717) is denied.

**IT IS FURTHER ORDERED** that the court grants the motions of the BHASD and the State of Michigan defendants for unitary status (dkt ## 1453, 1455). All outstanding remedial and injunctive orders entered against defendants are abrogated, except to the extent such orders relate to any of the following:

(a) The obligation of the BHASD to transport BHASD resident students under the interdistrict transfer component of the remedial order, as modified by the partial consent judgments;

(b) The obligations of the BHASD and the State to pay for the transportation of BHASD resident students under the interdistrict transfer component in the percentages of one-third and two-thirds, respectively;

(c) The obligation of the state to pay Benton Harbor state financial aid for students electing to attend school in Coloma and Eau Claire under the interdistrict transfer program, as modified by this opinion: (1) in fiscal year 2002–03, the state shall be required to pay phantom payments per interdistrict pupil equal to the per pupil amount paid in 2001–02; (2) in 2003–04, the State will pay 75% per interdistrict pupil of the 2001–02 phantom student amount; (3) in year 2004–05, the state will pay per pupil 50% of the 2001–02 amount; (4) in year 2005–06, the state will pay per pupil 25% of the 2001–02 amount; (5) in year 2006–07, phantom student payments will cease;

(d) The obligations of the State under the September 30, 1996 Order (dkt # 1064) to allow Coloma and Eau Claire to count their respective attending Benton harbor interdistrict transfer students in their respective state pupil membership counts, as full-time equivalent (FTE) pupils, and to pay to Coloma and Eau Claire all State School Aid Act funds that are attributable

to the district having attending Benton Harbor interdistrict transfer students counted in its state pupil membership counts.

(e) The obligations of BHASD and the State to allow Coloma's resident students, who are currently attending Benton Harbor schools in the 2001–02 school year as either interdistrict transfer students or magnet school students, to complete their current magnet school program or the last grade level offered at their current school, and to allow BHASD to include such students in its state pupil membership counts for all State School Aid Act purposes.

The State's continuing obligations under parts (a) and (b) above shall remain in effect until, and be abrogated when, no BHASD resident students are attending school in either Coloma or Eau Claire under the interdistrict transfer component. Pursuant to the formula contained in this opinion, the state's obligation under part (c) above shall terminate and be abrogated in fiscal year 2006–07. The State's continuing obligations to Coloma and Eau Claire under part (d) shall remain in effect until, and be abrogated when, the district no longer has Benton Harbor resident students attending its schools as interdistrict transfer students. The State's and BHASD's continuing obligations under part (e) shall remain in effect until, and be abrogated when, no Coloma resident students are attending school in Benton Harbor under the interdistrict transfer component.

The State shall implement such reasonable policies and procedures as are necessary for the orderly closing of the offices of the CEC and the severance of its staff. The State shall continue to pay reasonable costs associated with that closing.

**IT IS FURTHER ORDERED** that plaintiffs' motion to modify the remedial order (dkt # 1452) is denied as moot.

**IT IS FURTHER ORDERED** that this case is hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that this court retains jurisdiction over pending and future motions regarding attorney fees, expert fees and costs.